## UNITED STATES DISTRICT COURT
## FOR THE FOR THE EASTERN DISTRICT OF TEXAS
## MARSHALL DIVISION

| | |
|---|---|
| USA VIDEO TECHNOLOGY CORPORATION, <br><br> Plaintiff, <br><br> v. <br><br> TIME WARNER INC.; COX COMMUNICATIONS, INC.; CHARTER COMMUNICATIONS, INC.; COMCAST CABLE COMMUNICATIONS, LLC; COMCAST OF RICHARDSON, LP; COMCAST OF PLANO, LP; COMCAST OF DALLAS, LP, <br><br> Defendants. | Case No.: 2-06CV-239-RHC <br><br> JURY TRIAL |

### THE COMCAST DEFENDANTS' ANSWER, AFFIRMATIVE DEFENSES AND COUNTERCLAIM TO PLAINTIFF'S FIRST AMENDED COMPLAINT

Defendants Comcast Cable Communications, LLC; Comcast of Richardson, LP; Comcast of Plano, LP; and Comcast of Dallas, LP (collectively, the "Comcast Defendants"), by their undersigned attorney, hereby respond to the First Amended Complaint dated August 18, 2006, filed by USA Video Technology Corp. ("USVO" or "Plaintiff"), with the following answer, affirmative defenses and counterclaim.

As an initial matter, since the filing of this action, it appears that as a result of a transaction involving Adelphia Communications Corporation and pursuant to public records, Comcast of Dallas, LP is now listed as "TimeWarner Cable of Dallas, LP," while Comcast of Richardson, LP and Comcast of Plano, LP are listed as inactive. We are in the process of confirming the status of these entities, and have informed counsel for USVO. In the interim, the following answer, affirmative defenses and counterclaim are being asserted by each of the named Comcast Defendants.

1

## ANSWER

1-4. The allegations in paragraphs 1 through 4 are not directed to the Comcast Defendants and therefore no answer is required.

5-8. Admitted, except denied to the extent the allegations state or are intended to imply that Comcast of Richardson, LP, Comcast of Plano, LP and Comcast of Dallas, LP are currently active entities.

9-10. Admitted that USVO purports to assert a claim for patent infringement arising under the laws of the United States of America, 35 U.S.C. § 1 et seq., that this Court has subject matter jurisdiction over this action pursuant to 35 U.S.C. § 271 and 28 U.S.C. § 1338(a), and that venue is proper in this Court. To the extent, however, that any of these allegations are intended as a basis for liability as to the Comcast Defendants, they are denied.

11-13. The allegations in paragraphs 11 through 13 contain legal conclusions and therefore no answer is required. The allegations in these paragraphs also purport to describe United States Patent No. 5,130,792 (the '792 Patent) and accordingly, the Comcast Defendants refer to the document for its content. To the extent the allegations contained in these paragraphs contain factual allegations to which a response is required, those allegations are denied.

14-16. The allegations in paragraphs 14 through 16 are not directed to the Comcast Defendants and therefore no answer is required.

17-20. Denied.

21. Denied as to the Comcast Defendants, and to the extent such allegations are not directed at the Comcast Defendants, no answer is required.

22. The allegations in paragraph 22 are not directed to the Comcast Plaintiffs and therefore no answer is required, except admit that USVO purports to demand a jury trial.

## GENERAL DENIAL

The Comcast Defendants deny each and every allegation of Plaintiff's First Amended Complaint, including USVO's Prayer for Relief, that herein has been neither admitted or controverted.

## AFFIRMATIVE DEFENSES

The Comcast Defendants assert the following defenses to the First Amended Complaint:

### First Affirmative Defense

On information and belief, the First Amended Complaint fails to assert a claim for which relief may be granted.

### Second Affirmative Defense

On information and belief, the Comcast Defendants have not directly infringed, contributed to the infringement, and/or actively induced the infringement of any claim of the '792 Patent.

### Third Affirmative Defense

On information and belief, the '792 Patent is invalid and/or unenforceable by reason of having been issued in violation of the United States patent laws, Title 35 United States Code, including violation of Sections 102, 103, 112, 115 and/or 116 thereof, and the Rules and Regulations of the Patent & Trademark Office relating thereto.

### Fourth Affirmative Defense

On information and belief, the relief sought by USVO is barred by waiver, laches, acquiescence and/or estoppel.

### Fifth Affirmative Defense

On information and belief, the '792 Patent has been misused by Plaintiff by the commencement and maintenance of this action, in bad faith, without probable cause and knowing, or when it should have known, that Plaintiff had no valid claim of patent infringement,

either direct infringement, contributory infringement or inducing infringement, against the Comcast Defendants, with respect to the '792 Patent. As a consequence of Plaintiff's actions, the '792 Patent is unenforceable.

### Sixth Affirmative Defense

Plaintiff comes to this Court with unclean hands, and is precluded at law and in equity from asserting any of the claims purported to be set forth in the Complaint. The Comcast Defendants are accordingly entitled to their attorneys' fees and costs.

### Seventh Affirmative Defense

Plaintiff is barred from any recovery in this action in that it has engaged in patent misuse by attempting to impermissibly broaden the scope of the '792 Patent, resulting in an anticompetitive effect.

### Eighth Affirmative Defense

By reason of the proceedings in the United States Patent and Trademark Office during the prosecution of the application for the '792 Patent, specifically the admissions, representations, and amendments made on behalf of the applicants for such patent, Plaintiff is estopped from asserting any construction and/or scope of the claims of the '792 Patent to cover or include any video-on-demand technology offered for sale, sold, offered for lease, or leased by the Comcast Defendants.

### **COUNTERCLAIM**

For its counterclaim against USVO, and subject to the statement above that certain entities may no longer exist and/or are inactive, the Comcast Defendants, hereby allege as follows:

1. Counterclaim Plaintiff Comcast Cable Communications, LLC is a corporation organized under the laws of the State of Delaware, with its principal place of business at 1500 Market Street, Suite 1000, Philadelphia, PA 19102-2148.

2.      Counterclaim Plaintiff Comcast of Richardson, LP is or was a corporation organized under the laws of the State of Delaware, with its principal place of business at 1201 N. Market Street, Suite 1000, Wilmington, DE 19801.

3.      Counterclaim Plaintiff Comcast of Plano, LP is or was a corporation organized under the laws of the State of Delaware, with its principal place of business at 1201 N. Market Street, Suite 1000, Wilmington, DE 19801.

4.      Counterclaim Plaintiff Comcast of Dallas, LP is or was a corporation organized under the laws of the State of Delaware, with its principal place of business at 1201 N. Market Street, Suite 1000, Wilmington, DE 19801.

5.      On information and belief, counterclaim defendant USA Video Technology Corporation is a corporation organized under the laws of the State of Connecticut, with its principal place of business at 83 Halls Road, P.O. Box 245, Old Lyme, Connecticut 06371.

## JURISDICTION AND VENUE

6.      The Comcast Defendants/Counterclaim Plaintiffs' counterclaim arises under the patent laws of the United States, Title 35 of the United States Code, and the Declaratory Judgment provisions of §§ 2201 and 2202 of Title 28 of the United States Code.  This Court's jurisdiction over the subject matter of Comcast Cable's counterclaim is based on 28 U.S.C. § 1338 and the Declaratory Judgment Act.

7.      Venue is potentially proper in this district under 28 U.S.C. § 1391(b) because USVO's assertion of its patent infringement claim against the Comcast Defendants in this district gave rise to the Comcast Defendants' declaratory judgment counterclaim, but only if venue is proper in this district for the claim asserted by USVO in this litigation.

### COUNT I – DECLARATORY JUDGMENT OF INVALIDITY AND/OR NON-INFRINGEMENT OF U.S. PATENT NO. 5,130,792 (the '792 Patent)

8. The Comcast Defendants/Counterclaim Plaintiffs restate and reallege the allegations set forth in paragraphs 1-7 above and incorporate them by reference.

9. On information and belief, the '792 Patent is invalid by reason of having been issued in violation of the U.S. patent laws, Title 35 United States Code, including violation of Sections 102, 103, 112, 115 and/or 116 thereof, and the Rules and Regulations of the Patent & Trademark Office relating thereto.

10. The Comcast Defendants/Counterclaim-Plaintiffs have not directly infringed, contributed to the infringement, or actively induced the infringement of any claim of the '792 Patent, nor have they otherwise committed any acts of infringement of any rights of USVO.

### PRAYER FOR RELIEF

WHEREFORE, the Comcast Defendants/Counterclaim-Plaintiffs pray for judgment as follows:

1. That Plaintiff's First Amended Complaint be dismissed with prejudice against the Comcast Defendants in its entirety;

2. That judgment be entered for the Comcast Defendants and that Plaintiff take nothing;

3. For entry of judgment that United States Patent No. 5,130,792 is invalid, unenforceable, and/or not infringed by the Comcast Defendants, and that USVO and its affiliates, subsidiaries, assigns, employees, agents or anyone acting in privity or concert with USVO from charging infringement or instituting any legal action for infringement of the '792 Patent against the Comcast Defendants or anyone acting in privity with the Comcast Defendants, including the divisions, successors, assigns, agents, suppliers, manufacturers, contractors and customers of the Comcast Defendants.

4. That Plaintiff be ordered to pay the Comcast Defendants' costs of suit in this action;

5. That Plaintiff be ordered to pay the Comcast Defendants' attorneys' fees in this action pursuant to 35 U.S.C. § 285; and

6. That the Comcast Defendants be awarded such other relief as this Court deems just and proper.

If this matter proceeds to trial, the Comcast Defendants demand a trial by jury.

Dated: September 13, 2006

OF COUNSEL:
Matthew B. Lehr
Suong T. Nguyen
Duane Nash
Yiping Liao
DAVIS POLK & WARDWELL
1600 El Camino Real
Menlo Park, CA  94025
Telephone:   (650) 752-2000
Facsimile:   (650) 752-2111

Respectfully submitted,

GILLAM & SMITH, LLP

_____/s/_____
Harry L. Gillam, Jr.
LEAD ATTORNEY
Texas State Bar No. 07921800
303 S. Washington Avenue
Marshall, TX 75670
Telephone: 903-934-8450
Facsimile:  903-934-9257

ATTORNEYS FOR DEFENDANTS AND
COUNTERCLAIM PLAINTIFFS COMCAST
CABLE COMMUNICATIONS, LLC;
COMCAST OF RICHARDSON, LP;
COMCAST OF PLANO, LP; AND
COMCAST OF DALLAS, LP

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that the foregoing document was filed electronically in compliance with Local Rule CV-5(a). As such, this motion was served on all counsel who have consented to electronic service. Local Rule CV-5(a)(3)(A). Pursuant to Fed. R. Civ. P. 5(d) and Local Rule CV-5(e), all other counsel of record not deemed to have consented to electronic service were served with a true and correct copy of the foregoing by certified mail, return receipt requested, on this the 13th day of September 2006.

                                                       _____/s/_____
                                                           Harry L. Gillam, Jr.